IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DANIEL SNODGRASS,**

    Petitioner,

vs.                                      Case No. 1:15cv79-MP/CAS

**HICKS, Warden,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

On or about April 22, 2015, Petitioner Daniel Snodgrass, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner has also filed a motion for leave to proceed in forma pauperis, Doc. 5, and a motion to amend his § 2254 petition, Doc. 6.

Petitioner is currently incarcerated at the Cross City Correctional Institution in Cross City, Florida, which is located in Dixie County, in the Northern District of Florida.  Doc. 1; *see* 28 U.S.C. § 89(a).  Petitioner challenges a state court judgment in case number 2007-2375-CF, from the Seventh Judicial Circuit Court, Putnam County, Florida, which is located in the Middle District of Florida.  Doc. 1*; see* 28 U.S.C. § 89(b).

Jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division.  *Id.*; M.D. Fla. R. 1.02(b)(1).  See <u>Parker v. Singletary</u>, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 19, 2015.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.